IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LISA MARIE RECORDS                                                            PLAINTIFF

v.                            CIVIL NO. 09-5224

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Lisa Marie Records, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security (Commissioner) denying her claim for benefits under the provisions of Titles II and XVI of the Social Security Act. Defendant filed a Motion to Dismiss Plaintiff's Complaint on January 6, 2010, on the ground that this court lacks subject matter jurisdiction because Plaintiff failed to exhaust her administrative remedies prior to filing this action, and thus, there is no "final action" of the Commissioner as required by 42 U.S.C. § 405(g). (Doc. 7). Plaintiff filed a response and brief in support of her response on January 18, 2010. (Docs. 8-9).

**I.      Procedural Background and Facts:**

In support of the motion to dismiss, Defendant filed a declaration completed by Patrick J. Herbst, Chief of the Court Case Preparation and Review of Branch 4 of the Office of Appellate Operations, which is responsible for processing the claims under Titles II and XVI whenever a civil action is filed in the state of Arkansas. (Doc. 7, Attach. 1). Mr. Herbst states that the record reflects on December 3, 2008, a Notice of Reconsideration denying Plaintiff's claims for

disability insurance benefits and supplemental security income benefits was mailed to Plaintiff. (Herbst Decl. Exh. 1). A copy of the Notice of Reconsideration was also sent to Plaintiff's counsel, Hardy W. Croxton, Jr. The Notice informed Plaintiff and her representative that a request for review of the reconsideration determination could be requested within sixty (60) days from the date of receipt of the notice.[1]

On March 20, 2009, the Commissioner received a Request for a Hearing by an Administrative Law Judge, that Plaintiff and her attorney signed on March 9, 2009. (Herbst Decl. Exh. 2).

On April 21, 2009, a letter was sent to Plaintiff, copying Mr. Croxton, requesting a statement of good cause for untimely filing the request for a hearing. (Herbst Decl. Exh. 3).

On May 27, 2009, an ALJ issued a Notice and Order of Dismissal because Plaintiff had filed her request for a hearing untimely and had not provided a statement of good cause. (Herbst Decl. Exh. 4).

On July 20, 2009, Plaintiff requested review of the ALJ's dismissal. (Herbst Decl. Exh. 5). Plaintiff, now represented by attorney, Ms. Evelyn E. Brooks, states she did not receive the Notice because she was living in the woods after having a conflict with her parents and could not be found until after the time had run.[2]

---

[1] To fall within the 60 days to request a hearing, Plaintiff's request should have been filed on or before February 6, 2009.

[2] The Court would note the letter submitted to the Appeals Council states the following: "...She did submit a letter of good cause dated May 9, and it was apparently received May 20, only six weeks after the due date for the Request for Hearing..." ((Herbst Decl. Exh. 5). As noted above, Plaintiff actually signed her request for a hearing before the ALJ on March 9, 2009, which was received on March 20, 2009. ((Herbst Decl. Exh. 2).

AO72A
(Rev. 8/82)

On August 14, 2009, Plaintiff was sent a Notice of Appeals Council Action, which advised Plaintiff that the Appeals Council found no reason to review the ALJ's dismissal. (Herbst Decl. Exh. 6). Specifically, the Appeals Council stated:

> On December 3, 2008, a notice of reconsideration was mailed to your address on record and a copy was mailed to your attorney of record. Neither notice was returned by the post office. Delivery of the mail is presumed. On your request for review, you listed the same address that you had listed on your request for a hearing.
>
> Your current attorney argues that due to your mental impairment, you have difficulty functioning and cannot be relied upon to be responsible. However, the record clearly shows you were represented by Hardy Croxton, Jr., an attorney, and therefore you do not satisfy the requirements of Social Security Ruling 91-5p.
>
> Therefore, the Appeals Council finds no basis to disturb the Administrative Law Judge's dismissal dated May 27, 2009.

(Herbst Decl. Exh. 6).

On October 21, 2009, Plaintiff commenced this civil action in federal district court. (Doc. 1).

In her response to Defendant's motion, Plaintiff attached two letters, written by Mr. Croxton, dated March 9, 2009, and April 24, 2009, respectively, requesting Plaintiff be granted a hearing before the ALJ.[3] (Doc. 8, Exh. 1).

**II.  Discussion:**

Defendant moves to dismiss Plaintiff's complaint based on the contention that Plaintiff did not complete the administrative process concerning her applications. Plaintiff contends that

---

[3] The letter written by Mr. Croxton, dated April 24, 2009, addressed to the ALJ, explained that Plaintiff did not receive her notice of reconsideration and his attempts to contact Plaintiff through her parents were of no avail as Plaintiff was living in the woods. Plaintiff failed to state why this letter was not submitted to the Appeals Council in her July 16, 2009, request for review of the ALJ's dismissal.

-3-

a final decision of the Commissioner was made and that she has exhausted her administrative remedies.

The basic question before this court is whether the district court has jurisdiction to consider Plaintiff's claim. A federal district court's jurisdiction to review the Commissioner's decisions regarding disability benefits is governed by 42 U.S.C. § 405(g), which provides review only of a "final decision of the Commissioner made after a hearing." The Supreme Court has specifically held that § 405(h) prevents review of the Commissioner's decisions except as provided in § 405(g) of the Act.[4] Sheehan v. Secretary of Health, Ed. & Welfare, 593 F.2d 323, 325 (8th Cir. 1979) (citing Weinberger v. Salfi, 422 U.S. 749, (1975)). Accordingly, whether the district court has jurisdiction over the subject matter of this case depends on whether the actions taken by the Commissioner constitute a "final decision."

The Supreme Court in Weinberger v. Salfi, 422 U.S. 749, 766 (1975) stated:

> The requirement [of a final decision] is ... something more than simply a codification of the judicially developed doctrine of exhaustion. ...The term "final decision" is not only left undefined

---

[4] Section 405(g) provides in pertinent part:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405 (h) states in pertinent part:

The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

AO72A
(Rev. 8/82)

>     by the Act, but its meaning is left to the [Commissioner] to flesh
>     out by regulation. ...The statutory scheme is thus one in which the
>     [Commissioner] may specify such requirements for exhaustion as
>     he deems serve his own interests in effective and efficient
>     administration.

In Mathews v. Eldridge, 424 U.S. 319 (1976), the Court further explained that the final decision requirement consists of two elements, "only one of which is purely `jurisdictional' in the sense that is cannot be `waived' by the [Commissioner] in a particular case. The waivable element is the requirement that administrative remedies prescribed by the [Commissioner] be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the [Commissioner]." Id. at 328; Sheehan, 593 F.2d at 325.

Here, it is apparent that Plaintiff presented a claim for disability benefits to the Commissioner. However, it is also equally clear that she failed to exhaust her administrative remedies and that the Commissioner has not waived the exhaustion requirement.

The regulations provide that when a claimant is dissatisfied with the initial determination regarding her entitlement to benefits, she is to make a written request for reconsideration within 60 days after being notified of the original determination. 20 C.F.R. § 416.1409. If the claimant is dissatisfied with the reconsideration determination, she may request a hearing before an ALJ. 20 C.F.R. § 416.1429. A request for a hearing before an ALJ must be filed within 60 days after the date the claimant received notice of the previous determination. 20 C.F.R. § 416.1433. If a hearing is granted, the ALJ will issue a written decision that gives the findings of fact and the reasons for his decision. 20 C.F.R. § 416.1453(a). The claimant thereafter may have the decision of the ALJ reviewed by the Appeals Council. 20 C.F.R. § 416.1455, 416.1468. To effect that review, the claimant must make a request in writing with the Social Security

Administration within 60 days from the date of receipt of notice to her of the ALJ's decision or within the time allowed by the Appeals Council upon a written request for such an extension of time showing good cause for late filing. 20 C.F.R. § 416.1468. In the absence of such review by the Appeals Council, the decision of the ALJ is deemed binding on all parties to the hearing. 20 C.F.R. § 416.1455.

There is a "final decision" of the Commissioner if the Appeals Council grants a request for review of the ALJ's decision made after a hearing and renders a decision thereon, or if the Appeals Council denies a timely request for review of an ALJ's decision made after a hearing, thereby making the ALJ's decision the "final decision" of the Commissioner. Smith v. Heckler, 761 F.2d 516, 518 (8th Cir. 1985); 20 C.F.R. § 416.1479, 416.1481. The determination by the Commissioner that there is no good cause for extending the period for appeal in a social security disability case is not subject to judicial review. See 42 U.S.C. § 405(g). Furthermore, the Social Security Administration Regulation's specifically provide that a ruling denying a request to extend a time period for seeking review is not an "initial determination" subject to the appeals process and ultimately to judicial review. 20 C.F.R. § 416.1403(8).

In the present case, Plaintiff, who was represented by counsel, requested reconsideration of the initial denial of benefits, which resulted in an unfavorable decision. Plaintiff's subsequent request for a hearing before an ALJ was denied on the basis that the request was untimely. After reviewing Plaintiff's contentions that she did submit a letter of good cause for failing to file her request for a hearing on time, the Appeals Council found no reason to review the ALJ's dismissal. No hearing was ever held in Plaintiff's case.

As addressed above, "Federal courts are empowered to review only 'final decisions' of the Secretary in disability benefits cases." Lively v. Bowen, 827 F.2d 268, 269 (8th Cir.1987). The ALJ's dismissal of Plaintiff's hearing request is not a 'final decision' subject to judicial review. See Boock v. Shalala, 48 F.3d 348, 351 (8th Cir.1995) ("the Secretary's determination of no good cause to extend the period for appeal ... is not subject to judicial review under § 405(g)"); Smith v. Heckler, 761 F.2d 516, 519 (8th Cir.1985) (Appeals Council's dismissal of plaintiff's untimely request for review was not a final action for purposes of review under section 205(g)). Because Plaintiff's request for a hearing was denied as untimely, there is no final decision subject to review by this Court and Plaintiff did not exhaust her administrative remedies. Moreover, this is not one of those rare instances where the Commissioner's denial is challenged on constitutional grounds.[5] Rather, Plaintiff is only seeking an additional opportunity to establish that she satisfies the Social Security Act's eligibility standards for disability benefits. Accordingly, we find 42 U.S.C. § 405(g) does not afford subject-matter jurisdiction in this case.

Based on the above, we hereby grant Defendant's motion and dismiss Plaintiff's case with prejudice.

DATED this 3rd day of March 2010.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[5] When a plaintiff raises a colorable constitutional claim, review of the Commissioner's nonfinal determination is available despite the Plaintiff's failure to exhaust administrative remedies. Mathews v. Eldridge, 424 U.S. 319 (1976); Lively v. Bowen, 827 F.2d 268, (8th Cir. 1987). We find no constitutional claims were raised by the Plaintiff.

AO72A
(Rev. 8/82)